IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RICKEY LEE SCHEUERMAN, )
)
Plaintiff, )
)
vs. ) Civil Action No.:
)
THE CITY OF HUNTSVILLE, ALABAMA, )
a municipal corporation, and JEFFREY )
WEABER, )
) CV-05-S-0843-NE
Defendants. )

## COMPLAINT

### PARTIES

1. Plaintiff Rickey Lee Scheuerman ("Scheuerman") is an individual, over nineteen (19) years of age and a resident of Madison County, Alabama.

2. Defendant Jeffrey Weaber ("Weaber") is an individual over the age of nineteen (19) years and a police officer with the City of Huntsville Police Department.

3. The City of Huntsville, Alabama ("Huntsville") is a Municipal corporation located in Madison County, Alabama.

### JURISDICTION

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

### FACTS

5. On or about April 23, 2003, Scheuerman was driving his car on Bailey Cove Road

towards his mother's house, within the city limits of Huntsville, Alabama, to do laundry. The windows on Scheuerman's vehicle were down. As Scheuerman was driving, he noticed a car following very close to his rear bumper.

6. Scheuerman continued driving and turned onto Chatterson Road. The car behind him continued to follow very closely. Scheuerman turned into a driveway on Chatterson Road in order to turn around. Scheuerman noticed the car was still following him as he began to turn around in the driveway. As Scheuerman was turning his car around, he felt a sharp pain in his chest. Unbeknownst to him at the time, Weaber had shot him. Weaber then reached inside Scheuerman's car through the open window and shot him two more times in the stomach at close range. At no time did Weaber tell Scheuerman who he was or make any demands on him.

7. After being shot three times by Weaber, Scheuerman drove away from the scene. Weaber fired one more time, but missed Scheuerman. Scheuerman drove approximately 900 feet and exited the car at a family friend's house to call for help. Scheuerman collapsed on the driveway only to wake up with Weaber standing over him pointing his gun at him.

8. Scheuerman pleaded for Weaber not to shoot him again. Weaber kicked Scheuerman in the leg told him to shut up because he was a police officer. This is the first time Scheuerman learned that Weaber was a police officer. A short time later, uniformed officers arrived on the scene. Scheuerman demanded they arrest Weaber, but the officers refused stating that Weaber was a police officer.

9. Scheuerman was transported from the scene to Huntsville Hosptial by ambulance. Scheuerman remained in a coma for the next six weeks. Scheuerman's injuries included two collapsed lungs, bone and bullet fragments in his intestines, the removal of his spleen and

gallbladder and a laceration of this liver. Scheuerman remained in the hospital until June 30, 2003. Scheuerman remained under police guard the entire time he was in the hospital. In fact, Scheuerman was only allowed visitation by his immediate family members on Sundays for five minutes even though his treating physicians requested that Scheuerman be allowed more time to spend with his family.

10. Upon Scheuerman's release from the hospital, he was taken directly to the Huntsville City Jail where he was charged with attempted murder of a police officer. Scheuerman is awaiting trial on that charge. The City of Huntsville has refused to pay any of Scheuerman's medical bills even though he was under arrest and in the City of Huntsville's custody the entire time he was in the hospital.

## COUNT ONE - ASSAULT AND BATTERY

11. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

12. Defendant Weaber touched Plaintiff Scheuerman in rudeness, and/or in anger, and/or in a hostile manner by shooting Scheuerman three times with his pistol.

13. At all times relevant to this count, Defendant Weaber was acting within the line and scope of his employment with the City of Huntsville Police Department.

14. As a proximate consequence, Plaintiff Scheuerman was caused to undergo numerous surgical procedures to save his life. In addition, Scheuerman is permanently disfigured, suffers permanent injuries, physical pain, mental anguish and has incurred more than $500,000 in medical bills. Plaintiff Scheuerman will suffer medical complications and mental anguish in the future due to the nature of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands a judgment for compensatory and punitive damages against Defendant Weaber and compensatory damages against Defendant City of Huntsville, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs and any additional relief this Court deems just and proper.

## COUNT TWO - UNLAWFUL DETENTION

15. Plaintiff Scheuerman adopts and incorporates each of the preceding paragraphs as if herein set forth.

16. As a result of the actions described above, Plaintiff Scheuerman was unlawfully detained by the Defendants Weaber and the City of Huntsville.

17. Plaintiff Scheuerman's detention was for a period of time whereby he was deprived of his liberty.

18. At all times relevant to this count, Defendant Weaber was acting within the line and scope of his employment with Defendant City of Huntsville Police Department.

19. As a proximate consequence, Plaintiff Scheuerman was caused to undergo numerous surgical procedures to save his life. In addition, Scheuerman is permanently disfigured, suffers permanent injuries, physical pain, mental anguish and has incurred more than $500,000 in medical bills. Plaintiff Scheuerman will suffer medical complications and mental anguish in the future due to the nature of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands a judgment for compensatory and punitive damages against Defendant Weaber and compensatory damages against Defendant City of Huntsville, jointly and severally, for the injuries and damages suffered

by him in an amount to be determined by a jury, court costs and any additional relief this Court deems just and proper.

## COUNT THREE - § 1983 EXCESSIVE FORCE/CUSTOM AND POLICY

20. Plaintiff Scheuerman adopts and incorporates each of the preceding paragraphs as if herein set forth.

21. Defendant Weaber's assault and battery of Plaintiff Scheuerman as set forth in Count One above, was committed by the defendants under color of state law and deprived Plaintiff Scheuerman of his Fourth and Fourteenth Amendment constitutional rights protected by 42 U.S.C. § 1983 as follows:

> a). It amounted to excessive force during the seizure of Plaintiff Scheuerman while he was at liberty in violation of the Fourth Amendment to the United States Constitution;
>
> b). Such use of force constituted an unreasonable seizure of the Plaintiff Scheuerman's person;
>
> c). It amounted to punishment without due process of law;
>
> d). It amounted to a deprivation of liberty without due process of law due to the unreasonable and unwarranted violation of the Plaintiff Scheuerman's physical integrity by the defendants; and/or
>
> e). The assault/battery was otherwise intended to subject Plaintiff Scheuerman to a denial of constitutional rights.

22. Defendant Weaber's execution of the Defendant City of Huntsville Police Department's policy or custom regarding the handling of citizens contributed to or caused the

injuries and damages upon the Plaintiff Scheuerman.

23. As a proximate consequence, Plaintiff Scheuerman was caused to undergo numerous surgical procedures to save his life. In addition, Scheuerman is permanently disfigured, suffers permanent injuries, physical pain, mental anguish and has incurred more than $500,000 in medical bills. Plaintiff Scheuerman will suffer medical complications and mental anguish in the future due to the nature of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands judgment for compensatory and punitive damages against Defendant Weaber and compensatory damages against Defendant City of Huntsville, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys fees and any additional relief this Court deems just and proper.

## COUNT FOUR § 1983 UNLAWFUL DETENTION

24. Plaintiff Scheuerman adopts and incorporates each of the preceding paragraphs as if herein set forth.

25. Defendants Weaber and the City of Huntsville's false imprisonment/arrest of Plaintiff Scheuerman, as set forth in Count Two above, was committed by these defendants under color of state law and deprived Plaintiff Scheuerman of his constitutional rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and protected by 42 U.S.C. § 1983 in that he was arrested without a warrant and without probable cause.

26. Defendant Weaber's execution of Defendant City of Huntsville Police Department's policy or custom regarding the restraint and/or arrest of citizens contributed to or caused the injuries and damages upon Plaintiff Scheuerman.

27.    As a proximate consequence, Plaintiff Scheuerman was caused to undergo numerous surgical procedures to save his life. In addition, Scheuerman is permanently disfigured, suffers permanent injuries, physical pain, mental anguish and has incurred more than $500,000 in medical bills. Plaintiff Scheuerman will suffer medical complications and mental anguish in the future due to the nature of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands a judgment for compensatory and punitive damages against Defendant Weaber and compensatory damages against Defendant City of Huntsville, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys fees and any additional relief this Court deems just and proper.

## COUNT FIVE - § 1983 SUPERVISOR LIABILITY

28.    Plaintiff Scheuerman adopts and incorporates each of the preceding paragraphs as if herein set forth.

29.    Defendant City of Huntsville and its agents are responsible for the training, hiring, supervision and/or control of their subordinates, including but not limited to Defendant Weaber.

30.    Due to the actions or inactions of Defendant City of Huntsville and its agents, and their failure to perform their requisite duties, Defendant City of Huntsville is liable to Plaintiff Scheuerman for the injuries and damages he sustained as follows:

   a). Defendant City of Huntsville and its agents were deliberately indifferent to Plaintiff Scheuerman's rights and needs in that:

      i). they failed to adequately train and supervise Defendant Weaber, making them deliberately indifferent to the Plaintiff Scheuerman's

7

constitutional rights;

ii). a reasonable person in their position would know that their failure to train and supervise reflected deliberate indifference; and/or

iii). their conduct was causally related to the constitutional infringement by Defendant Weaber;

b). Defendant City of Huntsville and its agents are responsible under 42 U.S.C. § 1983's supervisory liability in that:

i). they had actual or constructive knowledge that Defendant Weaber was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;

ii). their response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offensive practices; and/or

iii). there was a causal link between the supervisors' inaction and Plaintiff Scheuerman's constitutional injury;

c). Had Defendant City of Huntsville and its agents diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, they should have had knowledge that the wrongs done were about to be committed;

d). Defendant City of Huntsville and its agents had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, instead of the recklessness or gross negligence they displayed in their failure to do so; and/or

e). Defendant City of Huntsville and its agents approved or ratified the constitutional deprivations set forth above; and/or

f). These supervisors' actions/inactions otherwise resulted in a denial of Plaintiff Scheuerman's constitutional rights.

31. As a direct and proximate result of the actions and/or inactions of Defendant City of Huntsville and its agents, Plaintiff Scheuerman suffered injuries and damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands a judgment for compensatory damages against Defendant City of Huntsville for the injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys fees and any additional relief this Court deems just and proper.

## COUNT SIX - NEGLIGENCE

32. Plaintiff Scheuerman adopts and incorporates each of the preceding paragraphs as if herein set forth.

33. The injuries suffered by Plaintiff Scheuerman made the subject of this complaint occurred due to the negligence, carelessness and/or unskillfulness of officer Weaber and the City of Huntsville while the officer was acting within the line and scope of his employment with the City of Huntsville, Alabama.

34. As a proximate consequence of Defendants Weaber and the City of Huntsville's negligent, careless and/or unskillful actions, Plaintiff Scheuerman was caused to undergo

numerous surgical procedures to save his life. In addition, Scheuerman is permanently disfigured, suffers permanent injuries, physical pain, mental anguish and has incurred more than $500,000 in medical bills. Plaintiff Scheuerman will suffer medical complications and mental anguish in the future due to the nature of his injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scheuerman demands a judgment for compensatory damages against Defendant Weaber and the City of Huntsville, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs and any additional relief this Court deems just and proper.

Respectfully submitted,

William J. Baxley
Donald R. James, Jr.
Joseph D. Jackson, Jr.
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT
& BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Donald R. James, Jr.

Plaintiff's Address:
c/o Donald R. James, Jr.
2008 Third Avenue South
Birmingham, Alabama 35233

<u>Defendants' Addresses:</u>

City of Huntsville
City Clerk
Municipal Building
308 Fountain Circle
Huntsville, Alabama 35801

Jeffrey Weaber
101 Norfold Circle
Madison, Alabama 35757-7514