UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RICKEY LEE SCHEUERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-05-S-843-NE |
| ) | |
| THE CITY OF HUNTSVILLE, ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 24, 2008, defendant, the City of Huntsville, Alabama, prematurely filed an "Offer of Judgment."[1] Federal Rule of Civil Procedure 68(a) provides that an offer of judgment is properly filed with the court *only after* "the opposing party serves [the offeror] written notice accepting the offer." Fed. R. Civ. P. 68(a). There is no indication that plaintiff accepted this offer. Furthermore, Rule 68(a) mandates that the moving party *must* submit to the court "the offer and notice of acceptance, plus proof of service." *Id.* Neither a notice of acceptance nor proof of service were filed with the "Offer of Judgment." For these reasons, the Clerk of Court is directed to STRIKE the "Offer of Judgment" from the record.

Terry A. Sides, counsel for the City of Huntsville, Alabama, improvidently filed the "Offer of Judgment," and is ORDERED to show cause, by the close of

---

[1]*See* doc. no. 82 ("Offer of Judgment").

business (*i.e.*, 4:30 p.m. CSDT) on **Monday, September 29, 2008**, why sanctions should not be imposed as a result of counsel's action.

DONE this 25th day of September, 2008.

_____
United States District Judge